UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 3209**

**WP4**

ROBERT GREBOW,

        Plaintiff,

-against-

HYUNDAI OF NEW ROCHELLE, INC.

        Defendants.

**VERIFIED COMPLAINT**

Civil Action No.:

JURY TRIAL DEMANDED

Plaintiff, ROBERT GREBOW, by way of his Complaint, respectfully alleges that:

### PARTIES

1. That at all relevant times, the Plaintiff, Robert Grebow, is an individual who has been and is a resident of the County of Westchester, State of New York..

2. Upon information and belief and at all times relevant hereto, defendant Hyundai of New Rochelle, Inc., was and is a corporation incorporated in the state of New York.

3. Upon information and belief and at all times relevant hereto, defendant Hyundai of New Rochelle, INC. has and continues to maintain its principal business office at 200 Main Street, New Rochelle, New York.

### JURISDICTIONAL STATEMENT

4. The jurisdiction of this Court is based upon 29 USCS §626 (C) and 28 USCS §1331.

5. The plaintiff has commenced this action seeking to recover the damages he incurred as a result of the defendant's violation of the Age Discrimination in Employment Act (29 USCS §621, et seq., as amended, hereinafter referred to as "ADEA"). Accordingly, this Court also has subject matter jurisdiction of this

action pursuant to 29 USCS §626 (C) and 28 USCS §1331.

## STATEMENT OF VENUE

6. This action is properly venued before the United States District Court in and for the Southern District of New York pursuant to 28 USCS §1391, on the grounds that the plaintiff resides within the territorial limits of the Southern District of New York.

7. This action is also properly venued before the United States District Court in and for the Southern District of New York pursuant to 28 USCS §1391, on the grounds that the claims asserted herein arose within the territorial limits of the Southern District of New York.

8. This action is properly venued before the United States District Court in and for the Southern District of New York pursuant to 28 USCS §1391, and 42 USCS §2000e5(f)(3), on the grounds that the alleged unlawful employment practice occurred within the territorial limits of the Southern District of New York; and, at all times relevant hereto, the defendant transacts business within the territorial limits of the Southern District of New York.

## BACKGROUND FACTS APPLICABLE TO ALL COUNTS

9. The plaintiff is an individual who was born on May 7, 1949.

10. Commencing in 2003 and continuing until January 3, 2005, the plaintiff was employed by the defendant as a Finance and Insurance Manager ("F&I Manager") in its showroom at 200 Main Street, New Rochelle, New York.

11. During the plaintiff's tenure as defendant's F&I Manager, his job duties principally included selling new and used automobiles and handling all aspects of financing of insuring vehicles purchased by customers.

12. During the plaintiff's tenure, he always fully and properly performed all of his job duties on behalf of the defendant.

13. During the plaintiff's tenure as an F&I manager, his average commissions were 30 to 40% higher than fellow F&I managers across all three branches of the company (derived from his high sales of warranties and vehicle accessories), had the highest sales figures of any F&I manager at Hyundai and received only positive feedback from customers.

14. In November 2003, Dean Fournarif ("Fournarif"), approximately age thirty (30), was hired as the new F&I Director.

15. Fournarif soon began making comments about Plaintiff's age and in spite of Plaintiff's high sales figures, commented that his methods were old-fashioned.

16. In or about December 2003, Fournarif commented to Plaintiff and another F&I manager, that Plaintiff was "too old to be doing this job" and "you can't teach an old dog new tricks."

17. In or about April 2004, Fournarif began calling Plaintiff an "old man" and accused him of being unable to adapt to new practices. Fournarif would also take a condescending tone when addressing Plaintiff and would refer to Plaintiff as an "out-dated rock star."

18. In or about May 2004, Fournarif stated that Plaintiff "was an old man and set in [his] ways and could not do things the way he wanted."

19. Plaintiff subsequently brought this to the attention of Brian Harris ("Harris"), who was then the General Manager of defendant.

20. No action was taken and Harris simply instructed Plaintiff to ignore the commentary.

21. In or about July 2004, Luke Incognito, ("Incognito"), approximately age thirty (30), was hired as an F&I Manager.

22. Upon hiring Incognito, Fournarif instructed him "not to pick up any of the old man's [Plaintiff's] habits in the F&I box."

23. In November 2004, Fournarif instructed Plaintiff to charge extra for warranties on bank contracts.

24. Plaintiff was disinclined to do so and informed Fournarif of same.

25. Fournarif again commented to Plaintiff that he was "too old" and "set in his ways."

26. Fournarif also stated that because he was younger, he was more knowledgeable of proper business practices.

27. Plaintiff immediately informed the Assistant General Manager, Rodger Novelly ('Novelly").

28. Management again declined to take action to rectify the situation.

29. In late September 2004, upon hearing that Plaintiff owned a home in Florida, Fournarif stated to Plaintiff that "you're old, why don A you just go down where you belong and retire now."

30. On January 3, 2005, the day before Plaintiff was to return to work from vacation, he received a telephone call from a fellow Hyundai employee informing him that the company had hired a new F&I manager.

31. Plaintiff proceeded to contact Novelly to discuss the situation. Novelly informed Plaintiff that the new F&I Manager was his replacement as Plaintiff had been terminated from his position. This was the only notice of termination given to Plaintiff.

32. On information and belief, plaintiff's sales responsibilities were given to a substantially younger person.

## AS AND FOR A FIRST COUNT AGAINST DEFENDANT
(Breach of Contract)

33. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" above as if said paragraphs were set forth herein at length.

34. At the time defendant terminated Plaintiff, defendant owed Plaintiff approximately $10,000 in commissions.

35. At the time defendant terminated Plaintiff, defendant owed Plaintiff for accrued sick and vacation time.

36. Defendant has failed to pay Defendant the commissions and accrued sick and vacation time.

37. Defendant has thus breached the terms of the parties' employment

38. As a direct and proximate result of the defendant's breach of the terms of the parties' employment agreement, the plaintiff has been damaged in the amount of $15,000.00

## AS AND FOR A SECOND COUNT AGAINST DEFENDANT
(Violation of the New York State Human Rights Law)

39. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" above as if said paragraphs were set forth herein at length.

40. The New York State Human Rights Law declares it an unlawful discriminatory practice for an employer to consider an employee's age when making the decision to terminate him from his employment.

41. Upon information and belief, when the defendant made the decision to terminate the plaintiff's employment, it considered the plaintiff's age.

42. The defendants wrongfully and illegally discriminated against the plaintiff on the basis of his age when it terminated his employment in violation of the New York State Human Rights Law.

43. As a direct and proximate result of the defendants' illegal discriminatory practice, the ability of the plaintiff to find comparable employment has been and will be substantially impaired; he has been deprived of salary and other fringe benefits to which he would have been entitled had he not been terminated from his employment.

44. As a direct and proximate result of the defendants' illegal discriminatory practice, the plaintiff has endured, and continues to endure, great emotional distress, suffer loss of morale, confidence and self esteem, as well as suffer humiliation, nervousness and extreme economic hardship following his termination.

45. As a direct and proximate result of the defendants' illegal, discriminatory practice, the plaintiff has been damaged in an amount which cannot be accurately determined at this time, but in no event will be less than Seven Hundred Fifty Thousand Dollars ($750,000.00)

## AS AND FOR A THIRD COUNT AGAINST DEFENDANT
(Violation of the ADEA)

46. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" above as if said paragraphs were set forth herein at length.

47. The ADEA declares that it shall be unlawful for an employer to, "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of age." 29 USC §623(a)(1).

48. Upon information and belief, when the defendant made the decision to terminate the plaintiff's employment, it considered the plaintiff's age.

49. The defendants wrongfully and illegally discriminated against the plaintiff on the basis of his age when it terminated his employment in violation of the ADEA.

50. Upon information and belief, the defendant knew, or should have known, that it was a violation of the ADEA to terminate an employee because of his age.

51. Upon information and belief, the defendant's violation of the ADEA was willful.

52. As a direct and proximate result of the defendants' illegal discriminatory practice, the ability of the plaintiff to find comparable employment has been and will be substantially impaired; he has been deprived of salary and other fringe benefits to which he would have been entitled had he not been terminated from his employment.

53. That on October 5, 2006, the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION issued a determination that the defendant had violated the ADEA.

54. That on January 23, 2007, the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION issued and mailed a 'Notice of Right to Sue.

55. That the instant lawsuit will be filed within 90 days of receipt of said letter and Notice of Right to Sue.

56. As a direct and proximate result of the defendants' illegal, discriminatory practice, the plaintiff has been damaged in an amount which cannot be accurately determined at this time, but in no event will be less than Seven Hundred Fifty Thousand Dollars ($750,000.00).

WHEREFORE, the plaintiff respectfully requests that the Court render a judgment against the defendant as follows:

(a)    with respect to the first count, a sum in the amount of $25,000.00;

(b)    with respect to the second count, a sum in the amount of $750,000;

(C)    with respect to the third count, a sum in the amount of $750,000, together with liquidated damages in the form of double damages for back pay, interest, the costs, disbursements, and reasonable attorney's fees which the plaintiff incurs; as well as

(d)    any other relief which the Court deems just, proper and equitable.

Dated: April 19, 2007

*(signature)*
ALAN KACHALSKY, ESQ. (ANK 7504)
Attorney for Plaintiff
800 Westchester Avenue, Suite 608
Rye Brook, New York 10573
(914) 220-5324

TO:
HYUNDAI OF NEW ROCHELLE, INC.
200 Main Street
New Rochelle, New York 10801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

ROBERT GREBOW,

            Plaintiff,

    -against-

HYUNDAI OF NEW ROCHELLE, INC.

            Defendant.
---------------------------------------------------------------

**VERIFICATION**

**Civil Action No.:**

The undersigned is the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof; that the same is true to my knowledge, except as to matters therein stated to be on information and belief, and that as to those matters, I believe them to be true. The basis of my knowledge is: review of relevant Books and Records.

_____
ROBERT GREBOW

Sworn to before me this
19th day of April, 2007.

_____
Notary Public

ALAN KACHALSKY
Notary Public, State of New York
No. 02KA5042219
Qualified in Westchester County
Commission Expires April 17, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------
ROBERT GREBOW,

               Plaintiff,           **JURY DEMAND**

       -against-

HYUNDAI OF NEW ROCHELLE, INC.    **Civil Action No.:**

              Defendants.
---------------------------------------------------------

Pursuant to Fed.R.Civ.P. Rule 38, the plaintiff respectfully demands that the above-referenced action be tried by a jury.

Dated: April 19, 2007

                                              ALAN KACHALSKY, ESQ. (ANK 7504)
                                              Attorney for Plaintiff
                                              800 Westchester Avenue, Suite 608
                                              Rye Brook, New York 10573
                                              (914) 220-5324

TO:
HYUNDAI OF NEW ROCHELLE, INC.
200 Main Street
New Rochelle, New York 10801