**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**ROBERT GREBOW,**

                **Plaintiff,**

  **-against-**

**HYUNDAI OF NEW ROCHELLE, INC.**

                **Defendant.**

**Docket No.: 07-CV-3209**

**ANSWER**

---

Defendant, Hyundai of New Rochelle, Inc. by and through its attorneys, Milman & Heidecker, hereby answers the Complaint of Plaintiff, Robert Grebow, as follows:

1. Defendant hereby denies knowledge and possession of information sufficient to form a belief about the truth of the allegations contained in the paragraph numbered 1 of the Complaint.

2. Defendant hereby admits that Defendant was a corporation incorporated in the State of New York, but denies that Defendant currently is a corporation incorporated in the State of New York, as alleged in paragraph numbered 2 of the Complaint.

3. Defendant hereby admits that Defendant had its principal business office at 200 Main Street, New Rochelle, New York, but denies that Defendant currently has its principal business office at 200 Main Street, New Rochelle, New York, as alleged in paragraph numbered 3 of the Complaint.

4. Defendant hereby admits the truth of the allegations contained in the paragraph numbered 4 of the Complaint.

5. Defendant hereby admits the truth of the allegations contained in the paragraphs numbered 5 of the Complaint.

6. Defendant hereby denies knowledge and possession of information sufficient to form a belief about the truth of the allegations contained in the paragraph numbered 6 of the Complaint.

7. Defendant hereby admits the truth of the allegations contained in the paragraphs numbered 7 of the Complaint.

8. Defendant hereby admits the truth of the allegations contained in the paragraphs numbered 8 of the Complaint.

9. Defendant hereby admits the truth of the allegations contained in the paragraphs numbered 9 of the Complaint.

10. Defendant hereby admits the truth of the allegations contained in the paragraphs numbered 10 of the Complaint.

11. Defendant hereby admits that Plaintiff's job duties as Defendant's F&I Manager included handling all aspects of financing and insuring vehicles purchased by customers, but denies that Plaintiff's job duties as Defendant's F&I Manager included selling new and used automobiles, as alleged in paragraph numbered 11 of the Complaint.

12. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 12 of the Complaint.

13. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 13 of the Complaint.

14. Defendant admits that Dean Fournarif ("Fournarif") was hired as the Finance and Insurance Director of Defendant, but denies that Fournarif was hired by Defendant in November 2003 and that Fournarif is thirty (30) years of age, as alleged in paragraph numbered 14 of the Complaint.

15. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 15 of the Complaint.

16. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 16 of the Complaint.

17. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 17 of the Complaint.

18. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 18 of the Complaint.

19. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 19 of the Complaint.

20. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 20 of the Complaint.

21. Defendant admits that Luke Incognito was hired by Defendant as an F&I Manager and is approximately thirty years of age, but denies that he was hired in July 2004, as alleged in paragraph numbered 21 of the Complaint.

22. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 22 of the Complaint.

23. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 23 of the Complaint.

24. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 24 of the Complaint.

25. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 25 of the Complaint.

26. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 26 of the Complaint.

27. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 27 of the Complaint.

28. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 28 of the Complaint.

29. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 29 of the Complaint.

30. Defendant denies knowledge and possession of information sufficient to form a belief about the truth of the allegations contained in the paragraph numbered 30 of the Complaint.

31. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 31 of the Complaint.

32. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 32 of the Complaint.

33. To the extent that paragraph 33 of the Complaint requires a response, Defendant hereby denies the truth of the allegations contained therein.

34. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 34 of the Complaint.

35. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 35 of the Complaint.

36. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 36 of the Complaint.

37. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 37 of the Complaint.

38. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 38 of the Complaint.

39. To the extent that paragraph 39 of the Complaint requires a response, Defendant hereby denies the truth of the allegations contained therein.

40. Defendant hereby admits the truth of the allegations contained in the paragraph numbered 40 of the Complaint.

41. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 41 of the Complaint.

42. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 42 of the Complaint.

43. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 43 of the Complaint.

44. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 44 of the Complaint.

45. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 45 of the Complaint.

46. To the extent that paragraph 46 of the Complaint requires a response, Defendant hereby denies the truth of the allegations contained therein.

47. Defendant hereby admits the truth of the allegations contained in the paragraph numbered 47 of the Complaint.

48. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 48 of the Complaint.

49. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 49 of the Complaint.

50. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 50 of the Complaint.

51. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 51 of the Complaint.

52. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 52 of the Complaint.

53. Defendant hereby admits the truth of the allegations contained in the paragraph numbered 53 of the Complaint.

54. Defendant hereby admits the truth of the allegations contained in the paragraph numbered 54 of the Complaint.

55. Defendant hereby denies knowledge and possession of information sufficient to form a belief about the truth of the allegations contained in the paragraph numbered 55 of the Complaint.

56. Defendant hereby denies the truth of the allegations contained in the paragraph numbered 56 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. With respect to all causes of action asserted in the Complaint, Plaintiff has failed to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58. With respect to all causes of action asserted in the Complaint, Plaintiff's claims are barred by the operation of the respective statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59. With respect to all causes of action asserted in the Complaint, this Court lacks personal jurisdiction over the Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. With respect to all causes of action contained in the Complaint, Plaintiff's claims and any relief sought in connection therewith are barred by the doctrine of "unclean hands."

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. With respect to the first cause of action contained in the Complaint, Plaintiff has failed and/or refused to perform certain acts which constitute conditions precedent to the performance of any obligations on the part of the Defendant.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

62. With respect to the first cause of action contained in the Complaint, Plaintiff's claim must be dismissed by reason of operation of the Statute of Frauds.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. With respect to the first cause of action contained in the Complaint, Plaintiff's claim must be dismissed by reason of equitable estoppel.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

64. With respect to the first cause of action contained in the Complaint, Plaintiff was paid all wages due and owed.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

65. With respect to the first cause of action contained in the Complaint, the money allegedly owed to Plaintiff does not constitute wages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66. With respect to the second and third causes of action asserted in the Complaint, Plaintiff's claims are barred to the extent that the allegations in the Complaint were not raised before the Equal Employment Opportunity Commission.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

67. With respect to the second and third causes of action contained in the Complaint that assert conduct alleged to have occurred more than three hundred (300) days prior to the filing of the Plaintiff's Charge of Discrimination with the EEOC, they are barred by limitation of time.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

68. With respect to the second and third causes of action, Plaintiff's claims are barred on the ground that all actions taken by Defendant were taken for legitimate, non-discriminatory reasons, and as such, Defendant did not violate any legal right possessed by Plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

69. With respect to the second and third causes of action, Plaintiff's claims should be dismissed due to Plaintiff's failure to annex a copy of the Right to Sue Notice to the Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

70. With respect to the second and third causes of action contained in the Complaint, Plaintiff's claims are barred on the ground that all action taken by Defendant lacked pre-text.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

71. With respect to the second and third causes of action contained in the Complaint, Defendant denies that the Plaintiff suffered any emotional, psychological and/or physical damages whatsoever as a result of any actions taken by Defendant and any emotional, psychological and/or physical condition suffered by the Plaintiff is attributable to causes wholly independent of any actions taken by the Defendant.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

72. With respect to the second and third causes of action contained in the Complaint, Plaintiff's claims for emotional, psychological and/or physical damages are barred by the exclusivity provisions of the New York State Workers' Compensation Law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

73. With respect to the second and third causes of action contained in the Complaint, Defendant did not condone or allow workplace discrimination.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

74. Defendant employed a policy that strictly prohibited discrimination for any reason, including age.

75. This Company policy included a complaint procedure.

76. This policy was uniformly and consistently applied in cases where discrimination was alleged by an employee.

77. Plaintiff did not avail himself of this complaint procedure.

78. At all times pertinent hereto, the Company followed the complaint procedure in good faith and exercised due diligence.

### AS AND FOR A NINETEENTH AFFIRAMTIVE DEFENSE

79. Defendant acted lawfully and in good faith and without any intent to deny Plaintiff any rights under the law on which this action is based.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred by the doctrines of laches and equitable estoppel.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

81. Plaintiff's claims for relief are barred to the extent that he has failed, upon information and belief, to mitigate his damages.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

82. Defendant is entitled to a set off against Plaintiff's damage claims in the amount(s) which Plaintiff did or could have earned through reasonable efforts, did or could have obtained through unemployment compensation, and amount(s) paid to or on behalf of Plaintiff by Defendant.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

83. Plaintiff should not be entitled to the recovery of attorney's fees and costs because the exercise of such judicial discretion in this matter is inappropriate.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

84. With respect to the second and third causes of action contained in the Complaint, Plaintiff's claims are barred by the operation of the legal doctrine of "employment-at-will."

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

85. Defendant has at all times acted in good faith compliance with applicable law. Defendant has neither intentionally nor willfully violated Plaintiff's rights in any manner nor acted maliciously or negligently with respect to Plaintiff or any aspect of his employment and at no time has Defendant acted with any intent to injure Plaintiff.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

86. Defendant has not acted with malice or reckless indifference to Plaintiff or his employment in any respect.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

87. Plaintiff was already in the age-protected class at the time of his hire.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

88. Defendant is no longer an active corporation and has ceased doing business.

**WHEREFORE,** for all of the reasons set forth above, the Defendant, Hyundai of New Rochelle, Inc., hereby prays for an order dismissing the Complaint of the Plaintiff, Robert Grebow, and each and every part thereof, and for an Order granting it reasonable costs of this action, including reasonable attorney's fees and disbursements, and for such other and further relief as to this Honorable Court may seem just and proper.

Dated: Lake Success, New York

September 5, 2007

    /s/ _____
Robert F. Milman, Esq.
MILMAN & HEIDECKER
Attorneys for Defendant
3000 Marcus Avenue
Lake Success, New York 11042
Tel.  (516) 328-8899
Fax   (516) 328-0082

To:   Alan Kachalsky, Esq.
      Attorney for Plaintiff
      800 Westchester Avenue, Suite 608
      Rye Brook, New York 10573
      (914) 220-5324