UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

ROBERT GREBOW,

                Plaintiff,                **Plaintiff's REQUIRED DISCLOSURES PURSUANT TO RULE 26**

        -against-

HYUNDAI OF NEW ROCHELLE, INC.        **Civil Action No.: 07-CIV-3209**

                Defendants.
-------------------------------------------------

Pursuant to Federal Rule of Civil Procedure 26(a), Plaintiff hereby sets forth its required disclosures as follows:

**A.    REQUIRED DISCLOSURES PURSUANT TO RULE 26(a)(1)(A)**:

The following individuals are likely to have discoverable information that Plaintiff may use to support its claims in this matter:

1.    Pat Diaferia, Special Finance Manager, Hyundai of New Rochelle, Inc.. (hereinafter "Hyundai") at time Plaintiff was terminated. As Mr. Diaferia was employed by defendant, defendant should have his last known address).

        **SUBJECTS OF THE INFORMATION:**
        The quality of plaintiffs job performance;
        Discriminatory remarks by Hyundai employees;
        lack of cause for terminating plaintiff's employment.

2.    Jack Schwartz, General Manager of Hyundai (before Brian Harris and Roger Novelly); 18 Hunting Ridge Road, Greenwich, CT 06831, (203) 629-3691; (914) 949-4300 (work).

        **SUBJECTS OF THE INFORMATION:**
        The quality of plaintiffs job performance;
        Discriminatory remarks by Hyundai employees;
        lack of cause for terminating plaintiff's employment;

3. Roger Novelly, General Manager of Hyundai at time Plaintiff was fired. As Mr. Novelly was employed by defendant, defendant should have his last known address.

   **SUBJECTS OF THE INFORMATION:**
   The quality of plaintiffs job performance;
   Discriminatory remarks by Hyundai employees;
   lack of cause for terminating plaintiff's employment;

4. Eric Beitch, Special Finance Assistant, Hyundai. As Mr. Beitch was employed by defendant, defendant should have his last known address.

   **SUBJECTS OF THE INFORMATION:**
   The quality of plaintiffs job performance;
   Discriminatory remarks by Hyundai employees;
   lack of cause for terminating plaintiff's employment;

5. Keith Bretcher, Car Salesman, Hyundai. As Mr. Bretcher was employed by defendant, defendant should have his last known address.

   **SUBJECTS OF THE INFORMATION:**
   The quality of plaintiffs job performance;
   lack of cause for terminating plaintiff's employment;

6. Mark Oberfeld, Car Salesman, Hyundai. As Mr. Oberfeld was employed by defendant, defendant should have his last known address.

   **SUBJECTS OF THE INFORMATION:**
   The quality of plaintiffs job performance;
   lack of cause for terminating plaintiff's employment;

   Mr. Oberfeld is likely to have relevant knowledge that Plaintiff always fully and properly performed all of his job duties on behalf of the defendant and that customers did not complain about Plaintiff.

7.	Joe Vittaccio, Used Car Manager, Hyundai. As Mr. Vittaccio was employed by defendant, defendant should have his last known address.

>	**SUBJECTS OF THE INFORMATION:**
>	The quality of plaintiffs job performance;
>	Discriminatory remarks by Hyundai employees;
>	lack of cause for terminating plaintiff's employment.

8.	June (last name unknown) Receptionist, Hyundai. As June was employed by defendant, defendant should have her last known address.

>	**SUBJECTS OF THE INFORMATION:**
>	The quality of plaintiffs job performance;
>	Discriminatory remarks by Hyundai employees;
>	lack of cause for terminating plaintiff's employment.

9.	Audi (last name unknown). Used Car Manager, Hyundai at time of Plaintiff's wrongful termination. As Audi was employed by defendant, defendant should have his last known address.

>	**SUBJECTS OF THE INFORMATION:**
>	The quality of plaintiffs job performance;
>	Discriminatory remarks by Hyundai employees;
>	lack of cause for terminating plaintiff's employment.

10.	Desiree, Office clerk, Hyundai. As Deseree was employed by defendant, defendant should have her last known address.

>	**SUBJECTS OF THE INFORMATION:**
>	The quality of plaintiffs job performance;
>	Discriminatory remarks by Hyundai employees;
>	lack of cause for terminating plaintiff's employment.

11.    Paul Solis, Car Salesman, Hyundai.  As Mr. Solis was employed by defendant, defendant should have his last known address.

> **SUBJECTS OF WITNESS' INFORMATION:**
> The quality of plaintiffs job performance;
> lack of cause for terminating plaintiff's employment;

12.    Donald Veitch, Car Salesman, Hyundai.  As Mr. Veitch was employed by defendant, defendant should have his last known address.

> **SUBJECTS OF THE INFORMATION:**
> The quality of plaintiffs job performance;
> lack of cause for terminating plaintiff's employment.

13.    Thomas Ramos, Salesman, Hyundai.  As Mr. Ramos was employed by defendant, defendant should have his last known address.

> **SUBJECTS OF THE INFORMATION:**
> The quality of plaintiffs job performance;
> lack of cause for terminating plaintiff's employment.

14.    Luke Incognito, Finance and Insurance Manager, Hyundai.  As Mr. Incognito was employed by defendant, defendant should have his last known address.

> **SUBJECTS OF THE INFORMATION:**
> The quality of plaintiffs job performance;
> Discriminatory remarks by Hyundai employees;
> lack of cause for terminating plaintiff's employment.

15.    Bess (last name unknown to Plaintiff).  Office clerk, Hyundai.  As Bess was employed by defendant, defendant should have her last known address.

> **SUBJECTS OF THE INFORMATION:**
> The quality of plaintiffs job performance;
> Discriminatory remarks by Hyundai employees;
> lack of cause for terminating plaintiff's employment.

16. Walter Gutierre, Car Salesman, Hyundai. As Mr. Gutierre was employed by defendant, defendant should have his last known address.

> **SUBJECTS OF THE INFORMATION:**
> The quality of plaintiffs job performance;
> lack of cause for terminating plaintiff's employment;

17. Valerie, (last name unknown to Plaintiff). Office Manager, Hyundai. As Valerie was employed by defendant, defendant should have her last known address.

> **SUBJECTS OF THE INFORMATION:**
> The quality of plaintiffs job performance;
> Discriminatory remarks by Hyundai employees;
> lack of cause for terminating plaintiff's employment.

18. Such other individuals as continuing discovery and investigation shall reveal.

B. **DISCLOSURES PURSUANT TO 26(a)(1)(B):**

   1. The following documents are annexed hereto:

      i. Summons and Mortgage Foreclosure Complaint, Wells-Fargo Bank, N.A. v. Robert & Genevieve Grebow; Westchester County Index No. 16271/07, filed 8/27/07

      ii. Complaint, WASHINGTON MUTUAL BANK, As Successor in interest to Long Beach Mtg. Co. v. ROBERT and GENEVIEVE GREBOW, CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA, Civil No. 502006CA009442XXXXMB

      iii. Complaint, Board of Managers of Kensington Woods Homeowners Association, Inc. v. Genevieve and Robert Grebow, City Court of New Rochelle (NY) Index No. CV-881/07;

      iv. Earnings Statement from defendant Hyundai of New Rochelle, Inc., period ending 12/14/2004 [NOTE: stub indicates Dealers Payroll Service Corp.];

      v. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 1/23/05;

      vi. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 1/30/05;

vii. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 2/6/05;

viii. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 2/13/05;

ix. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 2/20/05;

x. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 1/30/05;

xi. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 2/27/05;

xii. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 3/6/05;

xiii. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 3/13/05;

xiv. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 3/20/05;

xv. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 3/27/05;

xvi. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 4/3/05;

xvii. Statement of Benefits Paid by NYS Dept. of Labor (unemployment) for week of 4/10/05;

xviii. Earnings Statement from Hyundai of Westchester, Inc., period ending 10/9/2005;

xix. Earnings Statement from BARON AUTO OF THE BRONX, INC., period ending 11/28/2005;

xx. Earnings Statement from BARON AUTO OF THE BRONX, INC., period ending 12/5/2005;

xxi. Earnings Statement from BARON AUTO OF THE BRONX, INC., period ending 12/12/2005;

  xxii. Earnings Statement from BARON AUTO OF THE BRONX, INC., period ending 12/19/2005;

  xxiii. Earnings Statement from BARON AUTO OF THE BRONX, INC., period ending 1/9/2006;

  xxiv. Earnings Statement from BARON AUTO OF THE BRONX, INC., period ending 1/16/2006;

  xxv. Earnings Statement from BARON AUTO OF THE BRONX, INC., period ending 1/27/2006;

  xxvi. Plaintiff will also support his claim with W-2's pay-stubs, Sales records, Commission Records which are in possession of defendant and others.

 b.3. Defendants will also rely on bookkeeping documents in of the corporate defendant, which documents are maintained at the corporate offices.

 c.2. Such other documents as continuing discovery and investigation shall reveal.

**C. DISCLOSURES PURSUANT TO 26(a)(1)(C):**

Defendant seeks damages for:

Lost Earnings; Consequential Damages arising out of lost earnings, including, but not limited to costs of defending foreclosure proceedings, late fees incurred on mortgages and Homeowners Association Charges, credit cards; interest

attorneys' fees and costs incurred in prosecuting this case.

**D. DISCLOSURES PURSUANT TO 26(a)(1)(D):**

Upon information and belief, there are no insurance agreements applicable to the instant action.

Dated: Rye Brook, New York
November 18, 2007

_____
ALAN KACHALSKY, ESQ. (ANK 7504)
Attorney for Plaintiff
800 Westchester Avenue, Suite 608
Rye Brook, New York 10573
(914) 220-5324

TO:
MILMAN & HEIDECKER
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W3
Lake Success, NY 11042
Telephone No.: (516) 328-8899