UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
ROBERT GREBOW,

|  |  |
|---|---|
| Plaintiff, | **FIRST SET OF INTERROGATORIES TO DEFENDANT** |
| -against- | **Civil Action No.: 07-CIV-3209** |
| HYUNDAI OF NEW ROCHELLE, INC. | |
| Defendants. | |

-------------------------------------------------

Pursuant to Rule 33 and Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that plaintiff answer the following interrogatories, under oath, and produce the requested documents within thirty days of the service of this request.

Identification

1. Identify each person by name and title, who possesses knowledge of any facts relating to this action and/or any allegations set forth in any of the pleadings in this action, and separately, with respect to each person, set forth the substance of their knowledge and their relationship to this matter, and whether they assisted with the response to these interrogatories. Identify each person by name and title who assisted in the response to these interrogatories.

2. Identify yourself, by stating your full name, present address, the position you hold with the defendant employer, and a description of your duties in that position.

3. Prior to answering the remainder of these interrogatories, state whether you have made inquiry of the officers, servants, and employees of the defendant employer, and have referred to documents, correspondence, memoranda, records, and other papers in the possession of the defendant employer, as will enable you to make full, complete, and true answers to the following interrogatories.

4. State whether your company does or did business directly or indirectly within the State of New York, and, if so, describe in full detail the nature of the business done in the State of New York and the method by which it is done.

5. If, from February 1, 2003 to date, you have hired any Finance and Insurance (hereinafter "F&I") managers, specify:

   a. the number of F&I managers hired by you each year; and

   b. the ages of each F&I manager hired by you in each year, commencing January 1, 2003 to date.

6. If, from January 1, 2003 to date through December 31, 2007, any of the defendant employer's F&I managers in the United States terminated their employment with the defendant employer, specify:

   a. the number of F&I managers terminated each year; and;

   b. for each one terminated, the age, the date terminated, and the reason for the termination.

7. If, after 2003, any report or evaluation of your sales force was made or rendered by or for you, identify each document in the report or evaluation, state the contents, or. alternatively, attach a copy of each document to the answers to these interrogatories.

8. State the ages of all Finance and Insurance personnel (including managers and directors) in the New Rochelle location of Hyundai of New Rochelle in each year from 2003 through the present date.

9. State whether Roger Novelly and Dean Fournarif are agents authorized to make, announce, and implement personnel policies and practices of the defendant employer and, if there are any restrictions as to their authority, specify the

      restrictions in detail.

10. State the date when the plaintiff commenced working for the defendant employer.

11. Identify the nature of the plaintiff's work for the defendant employer.

12. Identify the duties of the plaintiff's position with the defendant employer.

13. State the plaintiff's compensation (including bonuses) for each of the fiscal years that the plaintiff last worked for the defendant employer.

14. State the date when the plaintiff last worked for the defendant employer.

15. State the value of all fringe benefits which the plaintiff was receiving at the time of termination based on a monthly or yearly calculation.

16. State in detail your evaluation of the plaintiff's work as a salesman for the period of plaintiff's employment.

17. State in detail how the plaintiff's performance during the two years prior to termination as a F&I manager compared with all of the defendant employer's other F&I managers in the New Rochelle store.

18. If you claim that the plaintiff, at any time during his employment, did not do full work or did not comply with company policy, or did not comply with company practices, or in any way engaged in conduct which you consider not in the best interests of the defendant employer, specify:

    a. each and every detail and fact upon which you base your claim;

    b. the exact date that any person employed by the defendant employer learned of each detail and fact; and

    c. the name and address of each person employed by the defendant employer who learned of each detail and fact.

19. State whether the plaintiff requested to attend a meeting with representatives of the defendant employer, and, if so, state fully and in complete detail:

      a.      the date of the meeting;

      b.      the location of the meeting;

      c.      the date when the plaintiff was informed of the meeting;

      d.      the name and address of each person by whom the plaintiff was informed of the meeting;

      e.      the manner how the plaintiff was informed of the meeting;

      f.      exactly what was said to the plaintiff by personnel representing the defendant when the plaintiff was informed of the meeting, identifying each comment or conversation with the person speaking, and exactly what was said by the plaintiff in response;

      g.      the name and address of each other person, if any, who were present when the plaintiff was informed of the meeting; and

      h.      the purpose of the meeting.

20. At the meeting identified in response to the preceding interrogatory, if representatives of the defendant employer demanded or caused the plaintiff's termination, state exactly what was said to the plaintiff regarding the plaintiff's termination by representatives of the defendant employer, identifying each comment or conversation with the person speaking, and exactly what was said by the plaintiff in response.

21. Describe fully and in complete detail each and every fact on which you base your allegation that the plaintiff's termination was not the result of age discrimination by the defendant employer.

22. With respect to the time when the defendant employer commenced recruiting activities to fill the position held by the plaintiff, state:

   a. the date when the defendant employer commenced recruiting activities;

   b. the date when the position held by the plaintiff was filled; and

   c. the name and address of the person hired, together with the person's age and starting salary.

23. With respect to the time the defendant learned that the plaintiff made a complaint against you for any discriminatory act to any state or federal commission or department, state:

   a. each date when learned that the plaintiff made a complaint against you;

   b. the manner how you learned of the complaint; and

   c. a description of what was learned of the nature and substance of the complaint.

24. State whether any charge or lawsuit or intent to sue has been filed against the defendant employer by any salesman or applicant for the position of salesman for age discrimination, from 2000 to date, with any state agency, the Department of Labor, or any court, and, if so, state:

   a. the caption, jurisdiction, and docket number of each charge, intent to sue, and lawsuit;

   b. the names and addresses of the claimants and claimant's attorney;

   c. the date of the filing; and

   d. the result of present status of the claim.

Dated: December 13, 2007

_____
ALAN KACHALSKY, ESQ. (ANK 7504)
Attorney for Plaintiff
800 Westchester Avenue, Suite 608
Rye Brook, New York 10573
(914) 220-5324

TO:     MILMAN & HEIDECKER
        Attorneys for Defendants
        3000 Marcus Avenue, Suite 3W3
        Lake Success, NY 11042
        Telephone No.: (516) 328-8899

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

ROBERT GREBOW,

             Plaintiff,

          -against-

HYUNDAI OF NEW ROCHELLE, INC.

             Defendants.
-------------------------------------------------------

**AFFIRMATION OF SERVICE**

Civil Action No.: 07-CIV-3209

**ALAN KACHALSKY**, an attorney duly admitted to practice law before the Courts of the State of New York, affirms under the penalties of perjury:

1. I am not a party to the action, am over 18 years of age. I reside in Rye, New York.

2. On December 13, 2007, I served a true copy of the annexed **FIRST SET OF INTERROGATORIES TO DEFENDANT** upon **MILMAN & HEIDECKER** by e-mailing the same to ROBERT MILMAN, ESQ. at ROBERTMILMAN@MHLABORLAW.COM

3. On December 13, 2007, I served a true copy of the annexed **DEFENDANTS SUPPLEMENTAL DISCOVERY RESPONSE** upon **MILMAN & HEIDECKER**, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to:

    MILMAN & HEIDECKER
    3000 Marcus Avenue, Suite 3W3
    Lake Success, NY 11042

Dated:  Rye Brook, New York
         December 13, 2007

                                                              ALAN KACHALSKY, ESQ.