```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROBERT GREBOW,

     Plaintiff,

  -against-

HYUNDAI OF NEW ROCHELLE, INC.

     Defendants.

STIPULATION OF
SETTLEMENT AND ORDER
OF DISMISSAL

Civil Action No.: 07-CIV-3209

  WHEREAS, plaintiff, ROBERT GREBOW, filed a complaint on April 20, 2007 alleging that defendant violated the Age Discrimination in Employment Act (29 USCS §621, and the defendant wrongfully and illegally discriminated against the plaintiff on the basis of his age when it terminated his employment in violation of the New York State Human Rights Law;

  WHEREAS, the parties are interested in resolving the issues alleged in the complaint in this action, and have negotiated in good faith for that purpose; and

  WHEREAS, none of the parties to the above-captioned action is an infant or incompetent person;

and

  WHEREAS, the parties in the above-captioned action wish to discontinue the litigation;

  IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective

counsel as follows:

1. The parties hereby agree that the above-captioned action is dismissed and discontinued with prejudice, as to the named defendant(s), pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2. Any and all of the claims for damages by plaintiff which are the subject of this action or otherwise arise out of any of the incidents alleged in the Complaint are hereby settled, as against the named defendant, for the amounts described in the settlement and release agreement entered into by the parties in full satisfaction of all claims for damages, costs, disbursements and legal fees.

3. The check for payment of the sum stated in Paragraph #2, above, has been drawn to the order of the plaintiff's counsel, ALAN KACHALSKY and same has been received by Mr. Kachalsky.

4. In consideration of the payment of the sum stated in Paragraph #2, above, the plaintiff hereby releases each of the named defendant(s) in their individual and official capacities, and their heirs, executors, administrators and assigns, from any and all claims, liabilities and causes of action related to or arising out of any and all of the events set forth in the Complaint in the above-captioned action.

5. Nothing in this So Ordered Stipulation of Settlement shall be construed as an admission or concession of liability whatsoever by any of the defendants regarding any of the allegations made by the plaintiff in the Complaint.

6. Payment of the amount stated in Paragraph #2, above has already been received by defense counsel. In the event that the aforesaid payment (check no. 652595) is dishonored by the bank, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the ninety-first (91) day after receipt by defendant's counsel of a copy of the fully executed So Ordered Stipulation of Settlement.

7. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement.

8. This So Ordered Stipulation of Settlement embodies the entire agreement of the parties in this matter.

_____
ALAN KACHALSKY, ESQ.,
*Attorney for Plaintiff*
800 Westchester Avenue, Suite S-608
Rye Brook, NY 10573
(914) 696-5555

MILMAN & HEIDECKER
By: _____
Robert Millman, Esq.,
*Attorneys for Defendant*
3000 Marcus Avenue, Suite 3W3
Lake Success, NY 11042
(516) 328-8899

SO ORDERED:

_____
United States District/Magistrate Judge

Dated: White Plains, New York
February 25, 2008